OPINION OF THE COURT
Michael S. Alonge, J.
The plaintiff, Frank Wibben, brought this small claims ac *187 tion seeking reimbursement for a $494.64 property tax exemption that he alleges was not properly credited to his tax assessment for village property taxes in 1998.
The larger issue in this small claims action is not whether the plaintiff is entitled to an exemption but what is the proper date for determining the fiscal year of the Village, and thus whether the exemption should be credited to Mr. Wibben for 1998.
In April 1998, the plaintiff was granted a veteran’s exemption for county property taxes by Nassau County. The plaintiff then applied to the Village of East Williston seeking an exemption from village taxes for the fiscal year 1998. Since he was granted an exemption for Nassau County property taxes beginning in September 1997 he assumed the same date would apply to the Village.
However, the Village only granted the exemption for the fiscal year 1999, beginning on June 1, 1999. The Village argues that an exemption was not granted for the fiscal year 1998 because the application was not submitted in time for that year.
The plaintiff claims the Village is in error and should have given him an exemption for village property taxes for the fiscal year 1998. He is suing for $494.64, the amount of the exemption for the fiscal year 1998.
This simple dispute raises a question that appears to be a case of first impression: What is the proper taxable status date for filing a veteran’s exemption?
The plaintiff applied for a veteran’s exemption pursuant to Real Property Tax Law § 458. Real property which qualifies for the veteran tax exemption is exempt from all State, county and general municipal taxation, but is taxable for local school purposes. (RPTL 458 [1], [3].)
Real property which is entitled to the veteran exemption must be assessed in the same manner as other real property, and among other things, the assessor must subtract the total amount of the exemption from the total amount assessed. (RPTL 458 [1], [2], [3].)
On or before the appropriate taxable status date, a verified application for the exemption of such real property from taxation may be filed in the appropriate assessor’s office by or on behalf of the owner.
Consequently, the timeliness of the plaintiff’s application, and hence his entitlement to the exemption for the fiscal year *188 1998, can only be resolved by determining the appropriate taxable status date and whether the application was filed on or before that date.
The date of taxable status is established by RPTL 1400. It states, in pertinent part, that, “[r]eal property shall be assessed for village purposes according to its condition and ownership as of the first day of January or such other date as may be applicable pursuant to section 5-510 of the village law.” (Emphasis added.)
Former section 105 (d) of the Village Law provides that “ ‘ffliscal year’ shall mean the period commencing on the first day of June in one calendar year and ending on the thirty-first day of May in the following calendar year, unless the board of trustees shall have established a different fiscal year pursuant to section one hundred seventeen”. (L 1954, ch 809, § 14.)
The provision of Village Law former § 117 (1) allowed towns to elect different fiscal years. It provided that: “the board of trustees of any village may, by resolution, elect to (a) retain the same fiscal year which it has on the effective date of this section or (b) adopt a fiscal year to commence on the first day of August and end on the thirty-first day of July.” (L 1954, ch 809, § 14.)
According to the current Village Law, which mirrors former section 105 of the Village Law, a village’s “fiscal year” runs from June 1st to May 31st unless the board establishes otherwise. The relevant statute reads in pertinent part as follows: “ ‘Fiscal year’ shall mean the period commencing on the first day of June in one calendar year and ending on the thirty-first day of May in the following calendar year, unless the board of trustees shall have established a different fiscal year”. (Village Law § 5-500 [4].)
Section 5-510 (1) of the current Village Law permits villages to change their fiscal year and correspondingly change the taxable status date by resolution. It reads, in pertinent part, that:
“1. The board of trustees of any village may, by resolution, adopt a fiscal year to commence on the first day of August and end on the thirty-first day of July. If the board of trustees shall so adopt a fiscal year to commencing on the first day of August as aforesaid, all of the provisions of this article and of the real property tax law fixing times or dates within which or by which certain acts shall be performed in relation to the preparation of the assessment roll, the preparation of the budget and the levy and collection of taxes and special assessments shall be cor *189 respondingly changed so that the collection of taxes shall commence on the first of the fiscal year.
“2. The board of trustees of a village, which has elected * * * to retain its fiscal year or which has adopted or hereafter adopts, pursuant to this section, a fiscal year commencing on the first day of August may, at any time determine, by resolution, to change to a fiscal year commencing on the first day of June.” (Village Law § 5-510 [emphasis added].)
While the 1954 enactment of Village Law former § 105— mirrored in the current statute, Village Law § 5-500 (4)— contemplated a June fiscal year, an option was given whereby a village could retain the fiscal year in effect at the time of the enactment or go to an August 1st fiscal year. Consequently, the court is of the opinion since the fiscal year has not been changed by the Town Board, the fiscal year begins on June 1st of the calendar year and ends on May 31st of the following year.
In the instant case, the uncontroverted testimony of the Village establishes that the fiscal year of the Village commences on June 1st of the calendar year. Correspondingly, pursuant to RPTL 1400, the taxable status date would be January 1st. To be entitled to the tax exemption for the fiscal year 1998 the plaintiff would had to have filed an application with the Village on or before the taxable status date, i.e., January 1, 1998. The testimony of the plaintiff clearly establishes his application was filed in April 1998. Accordingly, the plaintiff did not timely file his application and is not entitled to the exemption for the fiscal year 1998.